# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL R. PRIMUS, SR., | No. 1:19-CV-1597 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| JOHN E. WENTZEL, SUPERINTENDENT DELBALSO, CORRECTIONAL OFFICER BELT, and COUNSELOR REICHNER, | |
| Defendants. | |

## ORDER

### SEPTEMBER 16, 2021

Plaintiff Michael R. Primus, Sr., filed the instant action under 42 U.S.C. § 1983 on September 16, 2019, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case, who then have the opportunity to file written objections.[2]

On August 9, 2021, Magistrate Judge Martin C. Carlson, to whom this matter is jointly assigned, issued a thorough report and recommendation,

---

[1]  28 U.S.C. § 636(b)(1)(B).
[2]  28 U.S.C. § 636(b)(1).

recommending that Defendants'[3] motion for summary judgment be granted in part and denied in part. Magistrate Judge Carlson recommended that the motion be granted with respect to Primus's claims against defendants Wetzel and Delbalso but denied as to defendant Reichner.

Defendants filed objections to the report and recommendation on September 3, 2021.[4] When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[5] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[6] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[7] Regardless of whether timely objections are made by a party, the District Court may accept, not

---

[3] Only defendants John E. Wetzel, Superintendent Delbalso, and Counselor Reichner moved for summary judgment. *See generally* Doc. 36. Defendant Troy Belt—a correctional officer at SCI Mahanoy during times relevant to the instant matter—has neither answered the complaint nor accepted representation or indemnification by the Commonwealth of Pennsylvania. *See* Docs. 25, 27.

[4] Doc. 54.

[5] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

[6] *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[7] FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).

accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8]

Because this discussion is intended solely for the parties, the Court will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. A de novo review has been conducted. The Court departs from Magistrate Judge Carlson's report only with respect to one recommendation: that Reichner's motion for summary judgment—based on the affirmative defense of failure to exhaust administrative remedies—be denied with leave to renew after additional factfinding.[9] [10] The Court finds that, while summary judgment should indeed be denied, there is no basis for Reichner to renew his Rule 56 motion.

Primus's second grievance (number 777402) named the correctional officer present when the assault took place (Belt) and also identified "Unit Staff" as having had knowledge of Warren's prior assaultive conduct but taking no protective action.[11] Defendants do not assert that Reichner was not part of the "Unit Staff" where Primus was housed. Primus included specific dates and details of Warren's prior assaults and alleged that unit staff were aware of those assaults

---

[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[9] *See* Doc. 50 at 12-13.
[10] Reichner objects to this recommendation and also objects to Magistrate Judge Carlson's conclusion that there is a genuine issue of material fact as to his deliberate indifference toward Primus's safety. *See* Doc. 54-1 at 10-14. Upon de novo review, the Court finds no error with Magistrate Judge Carlson's determination on this issue. Primus has adduced sufficient evidence of Reichner's subjective knowledge of the risk to Primus's safety to meet his burden at the Rule 56 stage.
[11] *See* Doc. 47-1 at 13.

but took no corrective or protective measures.[12] Primus further developed his claims with additional details on appeal,[13] and he received a decision on the merits from the highest possible level of review.[14] Under such circumstances, Primus's failure to specifically name Reichner in the initial grievance does not implicate failure to exhaust administrative remedies.[15]

Lastly, it must be noted that defendant Belt has neither answered the complaint nor accepted representation or indemnification from the Commonwealth of Pennsylvania.[16] Because Belt has "failed to plead or otherwise defend,"[17] Primus is advised take appropriate action under Federal Rule of Civil Procedure 55 to prosecute his case against Belt.

---

[12] *See id.*
[13] *Id.* at 15, 17.
[14] *Id.* at 18.
[15] *See Travillion v. Wetzel*, 765 F. App'x 785, 789 (3d Cir. 2019) (nonprecedential) (finding that inmate's identification of "RHU Staff and Unit Management" and "SCI-Rockview staff and/or administration," along with inmate's provision of detailed operative facts, was sufficient to comply with the identification requirements of DC-ADM 804 § 1(A)(11)(b)); *Diaz v. Palakovich*, 448 F. App'x 211, 217 (3d Cir. 2011) (nonprecedential) (determining that inmate's identification of "mailroom staff," along with grievance officer's subsequent interview of mailroom employees, obviated any procedural default that may have resulted from failure to specifically name mailroom employees). Here, as in *Diaz*, the grievance officer investigated Primus's failure-to-protect claims against "Unit Staff" by interviewing unit staff. *See* Doc. 47-1 at 14. Furthermore, prison officials—who were in the best position to "ascertain the need for further development" of Primus's grievance with respect to identifying specific unit staff—rejected Primus's claims on the merits at the highest level. *See Rinaldi v. United States*, 904 F.3d 257, 271-72 (3d Cir. 2018). "[W]here the prison has chosen to forgo a rejection on procedural grounds and has elected to research, analyze, and deny a claim on the merits, both the purposes of exhaustion—and exhaustion itself—are satisfied." *Id.* at 272.
[16] *See supra* note 3.
[17] FED. R. CIV. P. 55(a).

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Carlson's Report and Recommendation, Doc. 50, is **ADOPTED in part and MODIFIED in part**, as more fully explained above.

2. Defendants' motion for summary judgment, Doc. 36, is **GRANTED in part and DENIED in part**, as follows:

    a. Summary judgment is **GRANTED** as to Primus's Eighth Amendment failure-to-protect claims against defendants Wetzel and Delbalso.

    b. Summary judgment is **DENIED** as to Primus's Eighth Amendment failure-to-protect claim against defendant Reichner.

3. Entry of judgment in accordance with the above paragraph is **DEFERRED** pending disposition of the remaining claims in this case.

4. On or before October 14, 2021, the parties shall **FILE** a letter notifying the Court of their willingness to participate in mediation.

                BY THE COURT:

                *s/ Matthew W. Brann*
                Matthew W. Brann
                Chief United States District Judge