IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL R. PRIMUS, SR., | No. 1:19-CV-01597 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| JOHN E. WENTZEL, SUPERINTENDENT DELBALSO, CORRECTIONAL OFFICER BELT, and COUNSELOR REICHNER, | |
| Defendants. | |

## MEMORANDUM OPINION & ORDER

### SEPTEMBER 29, 2023

Plaintiff Michael R. Primus, Sr., has been litigating the instant case since 2019. His Section 1983 claims have been winnowed to an Eighth Amendment failure-to-protect claim against two defendants, Counselor Reichner and Correctional Officer Troy Belt.[1] A bench trial is scheduled for next week.[2]

Defendant Belt has neither answered the complaint nor accepted representation or indemnification by the Commonwealth of Pennsylvania.[3] It appears that counsel for the Pennsylvania Attorney General's Office initially waived service for Belt without having Belt's permission to do so, which defense

---

[1] *See generally* Doc. 55.
[2] *See* Doc. 77.
[3] *See* Doc. 55 at 2 n.3 (citing Docs. 25, 27), 4.

counsel concedes was "unauthorized."[4]  Although the Attorney General's Office made numerous attempts to contact Belt through mail, certified mail, email, and telephone, Belt never responded.[5]  Even Belt's own private attorney (presumably for pending state criminal matters), was unable to locate him.[6]

In October 2021, Primus requested entry of default for Belt and then moved for default judgment,[7] but the Court was forced to deny that motion because it had determined that there was a potential due process issue with regard to Belt (*i.e.*, that he may never have been served under Federal Rule of Civil Procedure 4).[8]

At the April 24, 2023 status conference, the Court discussed the issue with the parties and conclusively determined that Belt had never actually been located or properly served.  The Court gave Primus an additional 90 days to attempt to locate and effect service on Belt.[9]  The Court additionally warned Primus that, if he were unable to locate and serve Belt within that time, it would have to dismiss Belt from the case pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve.[10]  The Court additionally noted that Primus, if desired, could voluntarily dismiss Belt from the case.[11]

---

[4]  *See* Doc. 27 at 2-3.
[5]  *See id.* at 2, 5-7.
[6]  *See id.* at 6.
[7]  *See* Docs. 57, 61.
[8]  *See* Doc. 66.
[9]  *See* Doc. 73 at 2 ¶ 1.
[10]  *See id.* ¶ 2.
[11]  *See id.*

The Court held another status conference on August 8, 2023, during which Primus admitted that he had not been able to locate or serve Belt.[12] Primus also had not moved to voluntarily dismiss Belt. Although Primus suggested that it was the Court's responsibility to find and serve Belt, the Court explained that service by the Court pursuant to 28 U.S.C. § 1915(d) for *in forma pauperis* cases only contemplated serving defendants with known addresses. The Court does not, and would not, employ a private investigator or the United States Marshals Service to attempt to track down and serve a civil defendant who had gone into hiding or whose whereabouts were completely unknown. The Court then informed Primus that it was constrained to dismiss Belt pursuant to Rule 4(m).[13]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Correctional Officer Troy Belt is **DISMISSED** without prejudice for lack of service pursuant to Federal Rule of Civil Procedure 4(m).

2. The Clerk of Court is directed to terminate Belt.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12] *See* Doc. 76.
[13] *See id.*